Gary M. Gaertner, Jr., Judge
Introduction
Gary and Peggy Fuerst (Appellants) appeal the trial court's judgment establishing a plan of maintenance for a private road. Appellants argue that the trial court failed to follow Section 228.369, RSMo. (Supp. 2012) when establishing the plan of maintenance and that the trial court's judgment is unsupported by substantial evidence and against the weight of the evidence. We affirm.
Background
A group of homeowners whose homes abut Sugar Mountain Road, a private road in Jefferson County, initiated the underlying suit. These homeowners alleged that the homeowners along Sugar Mountain Road could not agree to a plan for maintenance of the road, and they requested that the trial court establish such a plan. All but two of the homes represented in the *72 underlying suit are part of the Fordee Ridge Estates Subdivision (Subdivision). Fred Caress II, Doris Caress, Randy Caress, and Lisa Caress own a home (Caress home) that is outside the Subdivision and predates the Subdivision. Fred Caress II originally constructed the first 713 feet of Sugar Mountain Road as a driveway to the Caress home and as access to an adjoining public road, Old Sugar Creek Road. Later, construction of the Subdivision included extending Sugar Mountain Road another 3,207 feet to provide access to the homes in the Subdivision.
The trial court entered an order finding that the initial 713 feet of Sugar Mountain Road (Entrance and Hill) is distinct from the remaining portion of the road (Subdivision Road). The court found that "all parcels beyond the entrance to the subdivision receive benefit from the entire subdivision road being accessible and in uniform good repair." The trial court entered an order establishing a plan of maintenance for Sugar Mountain Road in two parts. First, regarding the Entrance and Hill, the court found that all parties should share the expense of maintaining and preparing that 713-foot portion of the road, and that each household must pay an annual assessment of $100.00 for the Entrance and Hill. Regarding the Subdivision Road, the trial court found that the owners of all homes abutting the remainder of the road, essentially all homes except the Caress home,[1] must pay an annual assessment of $500.00 for the maintenance and repair of the Subdivision Road. Appellants, who own a home in the Subdivision and were defendants in the underlying suit, appeal the trial court's judgment.
Standard of Review
Our review of a court-tried case is governed by the principles set forth in Murphy v. Carron, 536 S.W.2d 30, 32 (Mo. banc 1976). We will sustain the judgment of the trial court unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. Id. We are bound by the trial court's findings if supported by evidence, and we consider any fact issue for which the trial court made no specific finding as found in accordance with the result reached. McAllister v. McAllister, 101 S.W.3d 287, 290 (Mo. App. E.D. 2003). Where there is conflicting evidence, we defer to the trial court's judgment even if there is evidence that would support a different conclusion. Id.
Discussion
Appellants raise two points on appeal. First, they argue the trial court erred in apportioning assessments for the Subdivision Road equally among all property owners except the Caress family because there was no evidence the owners all benefited equally from the road. In Point II, they argue that the trial court erred in treating the Entrance and Hill as distinct from the Subdivision Road. We discuss each in turn.
Point I
Appellants argue first that there was no evidence to support the trial court's equal division of the cost of maintaining the Subdivision Road because the evidence does not support the conclusion that all parcels past the Subdivision entrance benefit equally from the Subdivision Road. We disagree.
*73 Section 228.369 governs the trial court's road maintenance plan here. It provides that one or more owners using a private road may petition the court for an order establishing a road maintenance plan. Subsection 2 directs the trial court as follows:
The cost of a plan of maintenance for a private road shall be apportioned among the owners of residences abutting the private road and holders of easements to use the private road, with the cost apportioned commensurate with the use and benefit to residences benefitted by the access, ... with such method of apportionment as ... ordered by the court, including, but not limited to, equal division, or proportionate to the residential assessed value, or to front footage, or to usage or benefit.
Thus, Section 228.369.2 confers discretion on the trial court to apportion the maintenance costs under a number of different methods, including equal division.
Here, regarding the Subdivision Road, the trial court found that "all parcels beyond the entrance to the subdivision receive benefit from the entire subdivision road being accessible and in uniform good repair." The trial court equally divided maintenance costs among all owners except the Caress family for the Subdivision Road.
Under the circumstances, the trial court's judgment dividing the cost of maintenance of the Subdivision Road equally is not against the weight of the evidence. There was evidence at trial that all owners, except the Caress family, benefited from the Subdivision Road for access to their properties, mail delivery, delivery trucks, and emergency response vehicles. The trial court found that most parties had been voluntarily paying an annual assessment of $300 and participated in one special assessment of $525. The plaintiff owners sought equal division of the maintenance cost, and other owners also testified that the cost should be split equally. This evidence supported the trial court's conclusion that the owners benefited equally from having a road that is accessible and in good repair and should therefore divide the maintenance costs equally.
Though Appellants point to evidence that some owners utilized the road more than others for activities associated with their households or businesses, the statute does not require that the trial court divide maintenance costs based on actual usage of the road. Section 228.369.2 includes benefit to each parcel as a factor for the court to consider, and here the trial court found that each parcel benefits equally from a road in good condition. Such benefit in the form of potential for usage for a variety of both necessary services and for business or pleasure is available to each owner equally, and the trial court did not err in thus dividing the assessments equally. It is common practice for subdivision owners to equally share the cost of services that benefit the whole subdivision, and such cost-sharing is simply a feature of being a member of a subdivision. Appellants' argument that each owner benefits only to the extent that the road extends to the owner's property is without merit, as it was reasonable for the trial court to find that the very existence of a road providing access confers the same benefit on all properties: access. The trial court made a finding concerning benefit and used a corresponding method of apportionment specifically provided for in the statute. The judgment regarding the Subdivision Road is not against the weight of the evidence. Point denied.
Point II
Appellants argue that the trial court erred in considering the Entrance and Hill as distinct from the Subdivision *74 Road because Section 228.369 does not permit a trial court to divide a road into sections and apportion costs for each section differently. We disagree.
As noted above, Section 228.369 affords the trial court discretion in establishing a maintenance plan based on the specific characteristics of the road at issue. Here, the trial court noted unique characteristics of Sugar Mountain Road given the different stages of its construction and the difference in usage and benefit between the Caress home and the rest of the parcels. The trial court found that "a distinction can and should be made between the earliest inception of the road and that portion which was added later." The evidence showed that the road was constructed in two phases, that the Caress home predates and is outside of the Subdivision, and that the Caress family does not use the Subdivision Road. Additionally, the Caress family built and maintained the Entrance and Hill before the Subdivision existed. Thus, the trial court's finding that these two portions of road are distinct is supported by the evidence.
Moreover, the trial court's distinction between these two portions of road is not prohibited by Section 228.369.2. The statute requires the court to apportion the cost of maintenance "commensurate with the use and benefit to residences benefitted by the access." The evidence supports the trial court's finding that the Caress home benefitted from and used only the Entrance and Hill, and not the Subdivision Road. Further, the evidence supported a finding that all owners along the Subdivision Road benefited and used the Entrance and Hill to access the Subdivision Road. The only way to apportion costs commensurate with these findings was for the trial court to establish a separate assessment for each portion of the road. The trial court did not erroneously apply the law in its judgment, and the judgment is supported by substantial evidence and is not against the weight of the evidence. Point denied.
Conclusion
We affirm the judgment of the trial court establishing a road maintenance plan for Sugar Mountain Road.
Kurt S. Odenwald, P.J., concurs.
Colleen Dolan, J., concurs.

One home, owned by Herb and Jane Busken, is not part of the Subdivision, but the trial court found the home is serviced by the Subdivision Road and included it in the plan of maintenance.